IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA,            ) | |
|                                      ) | |
|         Plaintiff,                   ) | |
|                                      ) | |
|     v.                               ) | CRIMINAL NO. 07-30027-WDS |
|                                      ) | |
| FRED T. MOORE,                       ) | |
|                                      ) | |
|         Defendant.                   ) | |

**MEMORANDUM & ORDER**

**STIEHL, District Judge:**

Before the Court is defendant's motion for disclosure of other crimes evidence (Doc. 18) and the government's notice of intent to seek to introduce 404(b) evidence at trial (Doc. 27), to which defendant has filed an objection (Doc. 32), and the government a response (Doc. 36). The defendant is charged by the grand jury in a three count Superseding Indictment. All of the charged offenses happened on or about January 29, 2007. Count 1 charges the defendant with possession with intent to distribute crack cocaine. Count 2 charges the defendant with possession of a firearm in furtherance of a drug trafficking crime and Count 3 charges the defendant with being a felon in possession of a firearm. The government seeks to introduce evidence through the testimony of Officer Jerry Simon that the defendant was arrested on January 15, 2007, and allegedly made statements concerning his possession of crack cocaine on that date. Officer Simon will testify that on January 15, 2007, while evading police pursuit, the defendant tossed crack cocaine from his vehicle. Upon his arrest, he allegedly admitted possessing the crack cocaine.

The government asserts that this prior possession, two weeks before the incidents which

1

led to the charges in this case, go to establish the defendant's knowledge, intent, motive, and absence of mistake.   The defendant object to the admission of this evidence on the grounds that it is prejudicial and unreliable, that the statement was not videotaped or recorded and that it would only act to confuse the jury.

### **Admission of Rule 404(b) Evidence.**

Fed. R. Evid. 404(b) provides in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident ...."

Rule 404(b) prohibits the use of evidence of other bad acts to show that a defendant has a propensity to commit a crime and that he acted in accordance with that propensity on the occasion in question. *See United States v. Best*, 250 F.3d 1084, 1090 (7th Cir.2001). Such evidence, however, can be admitted if it is offered for purposes other than showing propensity, such as to establish intent, knowledge, lack of mistake, motive, or opportunity. *See United States v. Puckett*, 405 F.3d 589, 596 (7th Cir.2005); *see also United States v. Jones*, 389 F.3d 753, 756 (7th Cir.2004).

A four-part standard governs the admissibility of this type of evidence under Rule 404(b).

> (1)  the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged;   (2) the evidence [must] show[ ] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice.

*Best*, 250 F.3d at 1090-91

Rule 404(b) of the Federal Rules of Evidence forbids the government to present evidence

of the defendant's prior crimes in order to show that he has a propensity to commit crimes, or that he is simply a bad man, and that in either case the jury might as well convict him without worrying whether the government has actually proved him guilty beyond a reasonable doubt of the crime for which he is being tried.

The Seventh Circuit held in *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006) that, "[g]enerally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *Id.* (*citing United States v. Jones*, 389 F.3d 753, 757 (7th Cir.2004)), *vacated,* 545 U.S. 1125 *reinstated in part,* 144 Fed. Appx. 563, 2005 WL 2456605 (7th Cir. Oct.6, 2005) (vacating and remanding for re-sentencing under *Booker* ).   Evidence is admissible under Rule 404(b), however,  to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Jones,* 389 F.3d at 756; Fed. R. Evid. 404(b).

Finally, the Court must determine whether the evidence sought to be admitted under Rule 404(b) should be excluded under Rule 403 because "its prejudicial impact substantially outweighs its probative value." The Seventh Circuit has held that, "Evidence is unfairly prejudicial only if it will induce the jury to decide the case on an improper basis, commonly an emotional one rather than on the evidence presented." *United States v. Hicks,* 368 F.3d 801, 807 (7th Cir. 2004) (*quoted in United States v. Strong*, 485 F.3d 985, 990 (7th Cir. 2007).  Here, the Court cannot find that the evidence the government seeks to admit should be excluded under Rule 403.   This is not the type of evidence which would cause a jury to make an emotional decision, rather than a decision based upon the directives set forth in the jury instructions.

Here, the Court **FINDS** that this evidence is admissible to show intent, knowledge, lack of mistake, or motive,  with respect to the charged crimes, and is not unfairly prejudicial.  The

3

defendant's concerns that the evidence would confuse the jury or result in a "mini-trial" are easily addressed by a proper jury instruction on this evidence.  The defendant's concerns about the lack of a recording of the defendant's statement are matters which can be covered in the cross-examination of the officer who took the defendant's statement.

Accordingly, defendant's motion for disclosure (Doc. 18) is **DENIED** as moot.  The Court **OVERRULES** defendant's objection (Doc. 32), and will permit the government to admit the 404(b) evidence of the defendant's statement taken on January 15, 2007.

**IT IS SO ORDERED.**

**DATED: June 20, 2007.**

                                                s/ WILLIAM D. STIEHL
                                                   DISTRICT JUDGE